**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * **CASE NO. 2:26-cr-272** |
| | * |
| **VERSUS** | * **JUDGE CAIN** |
| | * |
| **CRISTOBAL ESCOBAR** | * **MAGISTRATE JUDGE LEBLANC** |

---

**UNOPPOSED MOTION TO CONTINUE TRIAL,
PRE-TRIAL CONFERENCE, AND
PRE-TRIAL DEADLINES**

NOW INTO COURT, through undersigned counsel, comes Defendant, CRISTOBAL ESCOBAR, (hereinafter referred to as "MR. ESCOBAR"), who shows that for the reasons set forth herein, the trial, pre-trial conference, and pre-trial deadlines of this matter should be continued.

1.

Trial in the present matter is set at this time to commence on November 9, 2026.

2.

The parties are still in the discovery process and require additional time to finalize such and resolve any outstanding issues.

3.

Title 18, United States Code, Section 3161(h) sets forth the applicable time delays in a criminal case. In general, a trial should be set to take place within 70 days of the defendant appearing before a judicial officer of the court in which the charge is pending. (See 18 U.S.C. § 3161(c)(1)). Certain periods of delay are excluded from the calculation of the 70-day speedy trial clock, including:

> Any period of delay resulting from a continuance granted at the request of the defendant or his counsel, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. (§ 3161(h)(7)(A)).

4.

In this case, MR. ESCOBAR would be prejudiced by not continuing the trial, pre-trial conference, and deadlines, as discovery needs to be finalized so that his counsel and competently and adequately prepare the matter for trial or determine any other resolution.

5.

Here the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. The defendant has a right to competent legal counsel and enough time to receive discovery, analyze such, and determine and establish a defense strategy.

6.

Continuance of this trial date, pre-trial conference, and all pre-trial deadlines is not bieng requested for purposes of any undue delay.

7.

Further, undersigned counsel has contacted counsel for the government who has expressed a joint interest in the present continuance and no opposition the present filing.

8.

Given these reasons, undersigned counsel requests the trial currently scheduled for November 9, 2026, the pre-trial conference, and all applicable pre-trial deadlines be continued to a date selected by way of status conference.

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
FEDERAL PUBLIC DEFENDER FOR THE
MIDDLE & WESTERN DISTRICTS OF LOUISIANA

BY: **S/ Andres Gomez**
Louisiana Bar No. 38238
Assistant Federal Public Defender
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
(337)262-6333 (Phone)
(337)262-6605 (Fax)
COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via notice of electronic filing (NEF).

Lafayette, Louisiana, Thursday, October 15, 2026.

S/ Andres Gomez